## S. T. SWIFT *v.* LEWIS DORON.

FEES FOR PROSECUTING DELINQUENT STATE TREASURER. Where a sheriff had a bill for fees in a suit by the State against the estate of a delinquent State treasurer and the sureties on his official bond: *Held*, that he could not claim payment out of a State appropriation "for prosecuting delinquents for infraction of the revenue laws," and that the controller properly refused to issue his warrant therefor.

APPROPRIATION TO PROSECUTE INFRACTION OF REVENUE LAWS — CONTROLLER'S DUTIES. The money appropriated by the Legislature in 1869, "for prosecuting delinquents for infraction of revenue laws, to be expended under the direction of the controller," (Stats. 1869, 188) is in the nature of a contingent fund for the better and more complete carrying out of the duties of the controller's office touching the revenues of the State; it is under his control not simply for him to draw his legal warrants upon, but for him to direct its expenditure.

DELINQUENCY OF STATE TREASURER NOT INFRACTION OF REVENUE LAWS. The delinquency of the State treasurer in failing to safely keep the money of the State, cannot be said to be an infraction of the "revenue laws," specially so called.

This was an original petition for *mandamus* in the Supreme Court. The bill of the plaintiff amounted to one hundred and forty dollars and fifty cents, and accrued in an action instituted in the District Court in Ormsby County, against Henry A. Rhoades, the administrator, and the sureties on the official bond of Eben Rhoades, late State treasurer, to recover one hundred thousand dollars, moneys of the State received by him, and alleged to have been converted to his own use.

*Thomas Wells*, for Petitioner.

*R. S. Mesick*, for Respondent.

By the Court, WHITMAN, J.:

The plaintiff, sheriff of Ormsby County, has a claim against the State of Nevada, regularly allowed and audited, for fees in a suit by

the State against the administrator of the estate of the late State treasurer and the sureties upon his official bond. For this claim, the defendant, State controller, refuses to issue his warrant, alleging that there is no appropriation therefor. Unless there is, it is confessed that he is correct in his action ; but plaintiff insists that there is a specific appropriation, and seeks a *mandamus* compelling defendant to draw his warrant thereon. He finds the appropriation included in the general appropriation bill of 1869 (Statutes of 1869, 188) in the following language :

"For prosecuting delinquents for infraction of revenue laws, to be expended under the direction of the controller, two thousand dollars."

It is admitted that this particular appropriation is unexpended, and expressly stipulated that, unless the demand of plaintiff is covered thereby, then there is no existing appropriation from which he can be presently paid. The meaning of the language quoted is argued by the one side to clearly include plaintiff's claim, and by the other to as clearly exclude it.

This money thus appropriated stands really in the nature of a contingent fund for the better and more complete carrying out of the duties of the controller's office, touching the revenues of the State : it is to be expended for the prosecution of delinquents who have broken the revenue laws, and is for such purposes under his control, not simply as other appropriations for him to draw his legal warrants upon, but for him to direct its expenditure. The revenue laws of the State are those directed to the mode and manner of assessing and collecting moneys for the support of the Government, and in none of them—whether the general revenue law so called, or others incidentally touching the revenue question, as toll road laws, etc.—is the State treasurer mentioned, save as a passive party. To be sure, he receives the money of the State and is bound to safely keep the same ; but if he should not, he cannot be said to have broken any revenue law, generally so called, but he has violated the statute regulating his special duties as custodian of the revenues. It is evident that the words of the appropriation were used in their natural, ordinary sense, and in such the delinquents in the suit out of which this question grows, if delinquents

they be, are not included.   Such being the case, it would be unlawful for the controller to attempt to extend their meaning, or to give them a construction more liberal than legal.   The mandamus is denied at plaintiff's cost.

By JOHNSON, J., dissenting :

The duties of State treasurer, in respect to the receipt and disbursement of the public moneys, are in the main defined in the several statutes of this State pertaining to the revenue, known generally as the " Revenue Laws."   The failure to keep in hand the public funds, except when disbursed in pursuance of law, is an infraction of the duties of this officer, by reason of the provisions of the revenue laws.   The gravamen of the charges against the representative of the deceased treasurer and his sureties, in the complaint, wherein the fees are claimed by the plaintiff without particularizing, is that the treasurer failed in the performance of these, *i. e.*, duties entailed upon the treasurer by virtue of the revenue laws.   The appropriation was made to pay " for prosecuting delinquents for infraction of revenue laws."   Hence it seems very certain to me that this case is one clearly covered by the appropriation ; and there being an unexpended balance in such fund, and plaintiff's bill of costs having been duly allowed by the State board of examiners, the writ should issue.   Wherefore, I dissent from the opinion of my associates.